IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDIE MONIQUE CLANTON,<br><br>    Plaintiff,<br><br>  vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:17-CV-0563-CMK<br><br><br>MEMORANDUM OPINION AND ORDER |

        Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 15) and defendant's cross-motion for summary judgment (Doc. 18).

/ / /

/ / /

/ / /

1

# I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on July 30, 2013. See CAR 9.[1] In the application, plaintiff claims that disability began on July 30, 2013. See id. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on July 20, 2015, before Administrative Law Judge ("ALJ") David G. Buell. See id. In a September 14, 2015, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The presumption of continuing non-disability resulting from denial of a prior application for benefits is rebutted because there is evidence of new impairments since the prior decision;

2. The claimant has the following severe impairment(s): thoracolumbar scoliosis, lumbar degenerative disc disease, carpal tunnel syndrome, major depressive disorder, attention deficit disorder of childhood with hyperactivity, and posttraumatic stress disorder;

3. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

4. The claimant has the following residual functional capacity: sedentary work;

5. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

See id. at 10, 12-20.

After the Appeals Council declined review on January 18, 2017, this appeal followed.

///
///
///
///
///

---

[1] Citations are to the Certified Administrative Record lodged on July 20, 2017 (Doc. 11).

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## III. DISCUSSION

Plaintiff argues:

> Because Clanton suffered new impairments, and because the ALJ did not cite any improvement from the pre-existing scoliosis, the RFC from the prior ALJ decision was entitled to some preclusive effect. That previous RFC is the ceiling, i.d., Clanton's maximum capacity for functioning. The ALJ in the current case then should have evaluated whether Clanton's RFC should be reduced, if at all, because of the new physical impairments. . . . In short, the subsequent ALJ was collaterally

| | |
|---|---|
| 1 | estopped from denying that Clanton has a need to alternate positions at 30-minute intervals for one to five minutes at the workstation. (footnote omitted). |
| 2 | |

Plaintiff's argument is unpersuasive. As defendant correctly notes, a prior determination of non-disability is only entitled to preclusive effect when the ALJ finds that there is no new and material evidence sufficient to rebut the presumption of continued non-disability. See Chavez v. Bowen, 844 F.2d 691, 694 (9th Cir. 1988). In this case, the ALJ did not make such a finding and apply the presumption of continuing non-disability to find plaintiff disabled o the current application. To the contrary, and as plaintiff acknowledges, the ALJ expressly found that the presumption was rebutted. Regarding the preclusive effect entitled to prior decision, the ALJ stated:

> In this case, the presumption of continuing non-disability is rebutted because there is evidence of changed circumstances, i.e., new impairments, since the prior decision that affects the residual functional capacity. It is found that the presumption is rebutted based on changed circumstances, and that none of the findings from the earlier decision are adopted here as the record contains substantial new and material evidence related to the former findings and as such a new evaluation of the record and the claimant's allegations of disability will be undertaken here.

CAR 10.

This finding is entire consistent with Chavez, and plaintiff cites no authority in support of her novel position that, notwithstanding Chavez, a prior decision should have any kind of preclusive effect where the ALJ finds new and material evidence.

Because the ALJ is not estopped from rejecting the prior findings, and because plaintiff has raised no arguments concerning the ALJ's sequential analysis of the current claim, the court finds no basis to reverse the Commissioner's final decision.

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 15) is denied;
2. Defendant's cross-motion for summary judgment (Doc. 18) is granted; and
3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: August 27, 2018

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE